FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 19 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID MARSHALL WOODWARD,

    Petitioner,

v.

    Civ. No. 97-0465 BB/RLP

JOE R. WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    On August 17, 2001 the Tenth Circuit Court of Appeals issued its opinion in *Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001) and remanded the case back to this court for consideration of the following issues: (i) whether the one-year limitation period should be equitably tolled to allow the court to consider two claims raised in an amended petition (ineffective assistance of counsel and juror misconduct) and (ii) whether Mr. Woodward's due process rights were violated by the trial court's evidentiary ruling on an informant's recanted statement. The facts of this case are fully set out in the first proposed findings [Doc. 38] and in the *Woodward* opinion and are not repeated here.

2.    <u>Equitable Tolling</u>.    The New Mexico Supreme Court (NMSC) issued its decision in *State v. Woodward*, 908 P2d. 231 (N.M. 1995) on November 8, 1995. Mr. Woodward filed his federal habeas petition on April 4, 1997, 17 months after the NMSC

---

[1]    Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections in the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objects are filed, no appellate review will be allowed.

affirmed his conviction. The federal petition raised claims raised in his direct appeal. On April 9, 1997 he filed his state habeas petition which raised claims not asserted on appeal. He then requested leave to file an amended petition in this court to raise the issues pending in the state habeas proceeding. This court held that his action was time-barred.

3. The Tenth Circuit noted in its opinion that Mr. Woodward asserted that he did not know the NMSC had denied certiorari (he was not represented by counsel at the time) and made every effort to be timely. The Tenth Circuit requested this court to determine whether the facts of this case warranted equitable tolling of the one-year limitation period.

4. Although it is true that Mr. Woodward was diligent once he faced the time crunch in April of 1997, his prior 17 months of inactivity do not constitute the diligence required for equitable tolling. *See Robinson v. Poppell*, 66 Fed.Appx. 152 (10th Cir. 2003) (unpublished opinion)(18 month delay in filing did not warrant equitable tolling); *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003) (same; 11 month delay). He was aware of the underlying facts of these late claims: juror misconduct and ineffective assistance of counsel.[2] He explains his delays after April 7, 1997 but does not explain his 17-month delay in pursuing his state habeas proceedings. Accordingly, the court finds that the limitation period should not be equitably tolled and his amended petition is untimely.

5. The Tenth Circuit next asked this court to address whether the state trial court "violated [Mr. Woodward's] rights by not allowing him to introduce evidence that [an

---

[2] Mr. Woodward asserts that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim to flush out the facts. Neither his petition nor his brief address the exacting requirements of 28 U.S.C. § 2254(e)(2)(A)-(B).

2

informant's] statement had been recanted." 263 F.3d at 1142.  For a brief time, Carl S. Miskowicz shared a cell with Mr. Woodward and told police that Woodward had confessed that he had murdered his wife.  Miskowicz gave a statement to the police, but later recanted his statement.  At trial he was granted immunity and ordered to testify.  Miskowicz testified Woodward had not confessed.  His earlier statement was introduced into evidence to impeach his trial testimony.  908 P.2d at 236.

6.    Mr. Woodward argues that introduction of the recanted statement violated due process because, he argues, "[w]ithout the evidence of Mr. Woodward's confession, the verdict probably would have been different." Memorandum Brief [Doc. 52] at 5. "[S]tate court rulings on the admissibility of evidence may not be questioned in federal proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989).

7.    The NMSC determined that the evidence was properly admitted under New Mexico's Rules of Evidence.  908 P.2d at 236-37.  The jury in Mr. Woodward's case was presented with both Miscowicz's trial testimony and his earlier recanted testimony.  Thus, the issue was Miscowicz's credibility.  The presentation of both versions of his statement did not render the trial fundamentally unfair.

## RECOMMENDED DISPOSITION

I recommend that the petition for habeas corpus be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3